IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 14, 2008

Charles R. Fulbruge III
Clerk

No. 08-60306
Summary Calendar

Dana Martin

Plaintiff-Appellant

v.

Griffin Industries, Inc.

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
(3:06-CV-113)

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

On March 6, 2008, Judge Henry T. Wingate, Chief District Judge of the United States District Court for the Southern District of Mississippi, granted summary judgment in favor of the defendant-appellee, Griffin Industries, and dismissed all of the claims of plaintiff-appellant, Dana Martin. Martin timely appealed, raising three issues, all based on claims brought under Title VII of the Civil Rights Act of 1964: Whether the district court erred in granting summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment as to her discriminatory discharge claim, as to her disparate treatment claim, and as to her retaliation claim.[1]

We review grants of summary judgment de novo.[2] Summary judgment is only appropriate "if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3]

In the instant case, as the district court noted, Martin has offered no evidence aside from her conclusory allegations that any aspect of Griffin's actions derived from discriminatory animus.[4] Griffin has adduced evidence establishing that it fired Martin not due to discrimination but rather due to her deficient performance, and that the lack of a severance package (although the record suggests Martin in fact refused a package that Griffin offered) was not due to sex discrimination. Martin fails to point to any facts that cast doubt on Griffin's proffered reasons. Finally, Martin has failed to demonstrate that there was any protected activity in which she engaged, suitable to trigger the protections against retaliation that are included in Title VII.

Martin's appeal is without merit. The judgment of the district court is AFFIRMED.

---

[1] Under 42 U.S.C. §§ 2000(e)-2(a)(1), 2000(e)-3.

[2] Bibbs v. Early, 541 F.3d 267, 270 (5th Cir. 2008).

[3] Fed. R. Civ. P. 56(c).

[4] See Evans v. City of Houston, 246 F.3d 344, 350-51 (5th Cir. 2001) ("[Plaintiff] has produced no substantial evidence to support her contention that the City's legitimate nondiscriminatory justification for her demotion was, in fact, a pretext . . . .").